

## NUMBER 13-09-00428-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DEBORAH CASTILLO RUIZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

### On appeal from the County Court at Law No. 3
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Deborah Castillo Ruiz, attempted to perfect an appeal from a conviction

for driving while intoxicated.  We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on May 1, 2009.  No motion for new trial was

filed.  Notice of appeal was filed on July 16, 2009.  On July 24, 2009, the Clerk of this Court

notified appellant that it appeared that the appeal was not timely perfected.  Appellant was

advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On August 28, 2009, appellant responded by filing a motion to extend the time to file a notice of appeal, explaining that her appeal was delayed because of her circumstances concerning her home and family.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal was due to have been filed on or before June 1, 2009. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file her notice of appeal within fifteen days after the deadline for filing the notice as permitted by Texas Rule of Appellate Procedure 26.3, and did not file her notice of appeal until July 16, 2009.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240

(Tex. Crim. App. 1999). Appellant's pro se motion to extend the time to file the notice of

appeal is hereby DENIED.

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 1st day of October, 2009.